**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ISIAH L. SINGLETON,

       Plaintiff,

v.                                         Civil Action No. 3:21-cv-553

MICHAEL L. WADE, et al.,

       Defendants.

## DEFENDANT KAIYELL SANDERS' ANSWER TO COMPLAINT

COMES NOW Defendant Kaiyell Sanders ("Deputy Sanders" or "Defendant"), by counsel, and states the following as his answers to Plaintiff's Amended Complaint:

1.     Admitted.

2.     Admitted that Plaintiff was assaulted by his cellmates. Defendant is without sufficient information to admit or deny the dates and times when the assault occurred. The remaining allegations are denied.

3.     Denied.

4.     Denied.

5.     It is admitted that Plaintiff was discovered after the assault by a deputy. Defendant is without sufficient knowledge as to whether Plaintiff was knocked unconscious. The remaining allegations are denied.

6.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

7.      Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

8.      Defendant avers that the American Correctional Association ("ACA") standards speak for themselves.  Whether the Henrico County Jail has adopted the ACA standards calls for a legal conclusion.  The remaining allegations are denied.

9.      This paragraph calls for a legal conclusion to which no factual response is required.

10.     This paragraph calls for a legal conclusion to which no factual response is required.

11.     This paragraph calls for a legal conclusion to which no factual response is required.

12.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

13.     Admitted that Defendant Michael L. Wade served as the Sheriff of Henrico County during the relevant time period alleged in the Amended Complaint.  The remaining allegations contained in this paragraph call for a legal conclusion to which no factual response is required.  To the extent an answer is required, the remaining allegations are denied.

14.     Admitted that Defendant R.G. Goetschius served as a Lieutenant in the Henrico Sheriff's Office and acted as a supervisor.  The remaining allegations contained in this paragraph call for a legal conclusion to which no factual response is required.  To the extent an answer is required, the remaining allegations are denied.

15.     Admitted that Lieutenant Bundick served as a Lieutenant in the Henrico Sheriff's Office, served as watch commander to third platoon (night shift), and acted as a supervisor.  The remaining allegations contained in this paragraph call for a legal conclusion to which no factual response is required.  To the extent an answer is required, the remaining allegations are denied.

16.     Admitted that Defendant Jarrell Cooke served as a Sergeant in the Henrico Sheriff's Office and acted as a supervisor.  The remaining allegations contained in this paragraph call for a legal conclusion to which no factual response is required.  To the extent an answer is required, the remaining allegations are denied.

17.     Admitted that Defendant Fares Tadros served as a Deputy in the Henrico Sheriff's Office and worked third platoon (night shift) conducting security checks and other various duties assigned to deputies at the Henrico County Jail.  The remaining allegations contained in this paragraph call for a legal conclusion to which no factual response is required.  To the extent an answer is required, the remaining allegations are denied.

18.     Admitted that Defendant Kaiyell Sanders served as a Deputy in the Henrico Sheriff's Office and worked third platoon (night shift) conducting security checks and other various duties assigned to deputies at the Henrico County Jail.  The remaining allegations contained in this paragraph call for a legal conclusion to which no factual response is required.  To the extent an answer is required, the remaining allegations are denied.

19.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     It is admitted that on August 24, 2019, at approximately 11:30 p.m., Deputy Sanders was assigned to Dayroom 228 to perform headcount and lockdown duties.  It is also

admitted that Defendant Lieutenant Rodney Bundick supervised Defendant Jarrell Cooke who in turn supervised Deputy Sanders.  The remaining allegations are denied.

25.     Defendant avers that the ACA standards speak for themselves.  The remaining allegations state legal conclusions to which no response is required.

26.     Denied.

27.     Denied as phrased.

28.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

29.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, including the summaries of the three inmate witness' purported statements.

30.     Admitted.

31.     It is admitted that Defendant Deputy Tadros was conducting a security check of Day Room 228; that when he approached Cell #2, he was unable to see inside the cell because paper was covering the cell door window; and that, as a result, he radioed control and asked that the cell door be opened.  The remaining allegations are denied.

32.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

33.     It is admitted that Deputy Tadros made the call for medical to tend to Plaintiff's injuries, whereupon Sgt. Cooke and Lt. Bundick were the first to respond. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

34.     Defendant is without sufficient information to either admit or deny the allegation that Henrico County Jail conveyed a statement to one of Plaintiff's relatives.  The remaining allegations are denied.

35.     Denied.

36.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

37.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

38.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

39.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

40.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

41.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

42.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

43.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

44.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

45.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

46.     It is admitted that Defendant escorted Ellis to a holding cell immediately following the assault on Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

47.     Defendant is without sufficient information to either admit or deny the statements that Ellis made to Deputy Holley, other deputies, or inmates.  Defendant denies the remaining allegations in this paragraph.

48.     Defendant is without sufficient information to either admit or deny that a family member of Isiah Singleton spoke to a Henrico County Jail Deputy after the assault, or the substance of that conversation.  Defendant is also without sufficient information to either admit or deny the allegation that Plaintiff's charges related to an assault of his pregnant girlfriend.  Defendant denies the remaining allegations in the paragraph.

49.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

50.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

51.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

52.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

53.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

54.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

55.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

56.     Denied.

57.     Denied.

58.     Defendant avers that the ACA standards and the logbook speak for themselves, but is without sufficient information to admit or deny the requirements to maintain accreditation under the ACA.  The remaining allegations are admitted.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Defendant is without sufficient information to either admit or deny the allegations that an inmate witness made such a statement.  The remaining allegations in the in this paragraph are denied.

63.     Denied.

64.     Denied.

65.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

66.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

67.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

68.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

69.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

70.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

71.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

72.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

73.     Denied.

74.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

75.     Defendant denies that he heard sounds emanating from Dayroom 228, Cell #2. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

76.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

77.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

78.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

79.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

80.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

81.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

82.     Admitted that after lockdown, the occupants of the Day Room are locked in their individual cells.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

83.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

84.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

85.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

86.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

87.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

88.     Admitted that Plaintiff was discovered by a deputy.  Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

89.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

90.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

91.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

98.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

99.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

100.    Defendant avers that the ACA standards speak for themselves.  Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

101.    Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

102.    Denied.

103.    Denied.

104.    Admitted that Singleton was assaulted by his cellmates.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

105.    Denied.

106.    Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

107.    Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

108.    Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

109.    Admitted that Singleton was detained at the Jail.  The remaining allegations are denied.

110.    This paragraph calls for a legal conclusion to which no factual response is required.

111.    This paragraph calls for a legal conclusion to which no factual response is required.

112.    This paragraph calls for a legal conclusion to which no factual response is required.

113.    This paragraph calls for a legal conclusion to which no factual response is required.

114.    This paragraph calls for a legal conclusion to which no factual response is required.

115.    Denied.

116.    Denied.

117.    Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

118.    Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

126.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

127.     Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

## COUNT I

128.     Defendant incorporates by reference paragraphs 1 through 127 of his answer as if fully stated herein.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

**COUNT II**

135.   Defendant incorporates by reference paragraphs 1 through 134 of his answer as if fully stated herein.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

**COUNT III**

141.   Defendant incorporates by reference paragraphs 1 through 140 of his answer as if fully stated herein.

142.   This paragraph calls for a legal conclusion to which no factual response is required.

143.   This paragraph calls for a legal conclusion to which no factual response is required.

144.   Denied.

145.   Denied.

146.   Denied.

147.   This paragraph calls for a legal conclusion to which no factual response is required.

148.   Denied.

149.   Denied.

150.   Denied.

**COUNT IV**

151.   Defendant incorporates by reference paragraphs 1 through 150 of his answer as if fully stated herein.

152.    Admitted that Defendant was a supervisor at the Henrico County Jail.   The remaining allegations in this paragraph call for a legal conclusion to which no factual response is required.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

## AFFIRMATIVE DEFENSES

1.    Defendant will rely on all affirmative defenses that may become available during discovery.

2.    Defendant denies all allegations not expressly admitted.

3.    Defendant asserts that the Plaintiff's recovery is limited to $1,500,000.00, pursuant to Va. Code § 2.2-1839(B).

4.    The Amended Complaint fails to state a cause of action upon which relief can be granted.

5.    The Amended Complaint fails to state a cause of action upon which relief can be granted for the claim of gross negligence.

6.    The Amended Complaint fails to state a cause of action upon which relief can be granted for the claim of willful and wanton negligence.

7.    The Amended Complaint fails to state a cause of action upon which relief can be granted for the claim of failure to protect prisoner from assault, under the Eighth and Fourteenth Amendments to the U.S. Constitution, brought pursuant to 42 U.S.C. § 1983.

8.      The Amended Complaint fails to state a cause of action upon which relief can be granted for the claim of supervisory liability against Defendant, in his individual capacity.

9.      Defendant is entitled to the defense of qualified immunity on all claims brought pursuant to 42 U.S.C. § 1983.

10.     Defendant is entitled to the defense of governmental immunity and good faith immunity on all state law claims.

11.     Defendant avers that any injuries suffered by Plaintiff were a result of superseding or intervening acts of third parties not under Defendant's control.


WHEREFORE, Defendant Kaiyell Sanders, by counsel, prays that this Court dismiss him from this action with prejudice and for such further relief as this Court deems just and appropriate.


Respectfully submitted,

KAIYELL SANDERS


By: /s/_____
     William W. Tunner (VSB No. 38358)
     Rachel W. Adams (VSB No. 92605)
     *Thompson*McMullan, P.C.
     100 Shockoe Slip, Third Floor
     Richmond, Virginia 23219
     Phone: (804) 698-6205
     Facsimile.: (804) 780-1813
     wtunner@t-mlaw.com
     radams@t-mlaw.com
     *Counsel for Defendant Sanders*

## **CERTIFICATE OF SERVICE**

I certify that on the 3rd day of October 2022, the foregoing was filed electronically using the CM/ECF system, and that a Notice of Electronic Filing (NEF) was thereby sent to the following counsel of record:

Thomas L. Johnson, Jr., Esq.
Christopher L. Anderson, Esq.
Bricker Anderson & Johnson, P.C.
411 East Franklin Street, Suite 504
Richmond, VA 23219
Phone: (804) 649-2304
Facsimile: (804) 649-3380
johnson@bajinjurylaw.com
anderson@bajinjurylaw.com
*Counsel for Plaintiff*

Justin L. Criner, Esq.
808 Moorefield Park Drive, Suite 110
North Chesterfield, VA 23236
Phone: (804) 788-1500
Facsimile: (804) 788-0135
jcriner@bealelaw.com
*Counsel for Defendants Wade and Goetschius*

By: /s/_____
    Rachel W. Adams (VSB No. 92605)
    *Thompson*McMullan, P.C.
    100 Shockoe Slip, Third Floor
    Richmond, Virginia 23219
    Phone: (804) 649-7545
    Facsimile: (804) 780-1813
    radams@t-mlaw.com
    *Counsel for Defendant Sanders*